PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK G. D'AMICO, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:25-cv-651 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| YOUNGSTOWN FILM OFFICE, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |
| | ) [Resolving ECF No. 9] |

Pending before the Court is Defendant Ohio Film Office's Motion to Dismiss. ECF No. 9. The Motion is fully briefed. ECF No. 12; ECF No. 13. For the reasons stated herein, the Motion to Dismiss granted and Plaintiffs' informal motion to amend is denied.

**I.  FACTUAL BACKGROUND**

Plaintiffs Frederick G. D'Amico and his not-for-profit organization, the Youngstown Regional Film Commission ("YRFC"), have promoted the Youngstown region to the film industry since 2015. ECF No. 1, ¶¶ 2, 7. Plaintiffs helped film production teams with location scouting and retaining local talent and services to assist with film production.[1] ECF No. 1, ¶ 11. YRFC maintained a database of local resources for production teams to hire, including makeup artists, costume designers, prop makers, stunt professionals, electricians, food service providers, actors, and production crew. ECF No. 1, ¶¶ 9–10, 13. Defendant Ohio Film Office ("OFO"), which is responsible for promoting movie making in Ohio, recognized Plaintiffs and listed

---

[1] For instance, Plaintiffs assisted two productions of the television show "Bar Rescue" in the Youngstown area. ECF No. 1, ¶ 61.

(4:25CV651)

YRFC as a regional film commission on its website from 2015 until 2019. ECF No. 1, ¶¶ 15, 132.

The Youngstown Film Office ("YFO") was established around 2017 (after YRFC) under the direction and control of Defendant Youngstown Mayor Jamel Tito Brown and his administration. ECF No. 1, ¶¶ 65–68. YFO's function was substantially similar to YRFC's: promote Youngstown talent and businesses to the film industry. ECF No. 1, ¶ 69. In February 2018, Mr. D'Amico met with (then) Mayor Brown, Youngstown Law Director Jeffrey Limbian, and Mahoning County Board of Elections Member Robert Wasko to discuss YFO and YRFC. ECF No. 1, ¶ 97. During that meeting, Mayor Brown allegedly stated that he wanted control over YRFC and wanted no relationship with Mr. D'Amico. ECF No. 1, ¶¶ 98–102. Mr. D'Amico understood these statements as a threat against himself, his property, reputation, and other interests. ECF No. 1, ¶ 181.

At an April 2019 OFO meeting in Columbus, Ohio, YFO announced that it was the only sanctioned film commission authorized to represent the Youngstown area to the film industry. ECF No. 1, ¶¶ 117–18. Shortly thereafter, OFO removed YRFC from its list of film commissions and added the following language to its website: "The local Ohio film commissions listed here are entities endorsed or supported by a local government with a commitment to the filmy industry as part of its economic development plan." ECF No. 1, ¶¶ 119–120. In addition, OFO required that "all film commissions must be supported by a local municipality." ECF No. 1, ¶ 121. Because the City of Youngstown would not support YRFC, Plaintiffs sought and received endorsement from the City of Lisbon in Columbiana County, which is within the Youngstown region. ECF No. 1, ¶¶ 122–25. OFO rejected this endorsement, requiring instead that YRFC be endorsed by the city in its name. ECF No. 1, ¶¶ 126–28.

2

(4:25CV651)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Pursuant to Rule 12(b)(1), a case will be dismissed if the court lacks jurisdiction over the dispute. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction is not waivable and is fatal to a federal action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleadings." *Id*. In assessing a facial attack, a district court takes the allegations in the complaint as true and determines if such allegations establish federal claims. *Id*. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Here, OFO raises a facial attack.

### B. Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). The Court need not accept as true any legal conclusions alleged in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, Plaintiff must provide more than "an unadorned, the-defendant-unlawfully-

3

(4:25CV651)

harmed-me accusation." *Id.* at 678 (citations omitted). The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)).

### III. DISCUSSION

Plaintiff alleges: (1) tortious interferences of a business; (2) coercion and extortion in violation of 18 U.S.C. §§ 873 and 1951; and (3) civil conspiracy.[2] Defendant OFO first argues that the Eleventh Amendment bars subject matter jurisdiction over Plaintiffs' state-law tort claims in Counts I and III (*i.e.*, tortious interference and civil conspiracy, respectively) because Ohio has not waived its sovereign immunity, and such claims must be asserted in the Ohio Court of Claims. ECF No. 9 at PageID #: 54. OFO next argues that Plaintiffs fail to state a claim upon which relief may be granted as to extortion and coercion because the federal criminal statutes cited do not provide a private cause of action. ECF No. 9 at PageID #: 56. OFO's arguments are well-taken.

**A. Counts I and III are Barred by the Eleventh Amendment.**

*1. OFO is entitled to sovereign immunity and no exception applies.*

The Eleventh Amendment provides:

---

[2] Although Plaintiffs allege Counts I and III arise from violations of two criminal statutes (18 U.S.C. §§ 873 and 1951), neither statute creates a private cause of action for tortious interference of business or civil conspiracy. Indeed, and as explained herein, neither statute provides a private cause of action for any of Plaintiffs' claims.

4

(4:25CV651)

> The Judicial Power of the United States shall not construe to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States.

U.S. Const. amend. XI.  It is well established that the Eleventh Amendment bars claims brought against States by their own citizens.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)); *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (internal citations and quotations omitted) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.").  Sovereign immunity extends to state agencies, instrumentalities, and employees in their official capacities. *Firestone Park Athletic Ass'n v. Ohio*, 217 F. Supp. 2d 833, 836 (N.D. Ohio 2002) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 124 (1984)).  It is uncontested that OFO is a state governmental entity.  *See* ECF No. 1, ¶ 21.  Accordingly, it is entitled to immunity under the Eleventh Amendment unless one of three recognized exceptions applies: (1) the state waived immunity and consented to be sued; (2) Congress abrogated the state's immunity; or (3) the action seeks injunctive relief from a constitutional or federal law violation against a state official or employee under *Ex Parte Young*, 209 U.S. 123 (1908).  *Barton*, 293 F.3d at 948.  None of these exceptions apply in this case.

Ohio has not waived its immunity in federal court.  *Hall v. Board*, No. 24-3797, 2025 WL 2639656, at *2 (6th Cir. Apr. 17, 2025).  As OFO correctly points out (ECF No. 9 at PageID #: 54), the State—inclusive of its agencies and employees acting in their official capacities—waived its sovereign immunity and consented to be sued only in the Ohio Court of Claims. *Carnes v. Ohio Dep't of Taxation*, No. 23-3694, 2024 WL 3913058, at *2 (6th Cir. May 24, 2024); Ohio Rev. Code § 2743.02(A)(1).  Accordingly, Plaintiffs' claims must be brought before

5

(4:25CV651)

the Ohio Court of Claims, not in federal court. Plaintiffs offer no legitimate argument to the contrary and, instead, merely argue that Ohio Rev. Code § 2743.02 does not preclude federal jurisdiction arising under federal laws. ECF No. 12 at PageID #: 68. They have not, however, identified any such statutes. In fact, Plaintiffs' arguments for Count I (tortious interference) and Count III (civil conspiracy) are based on Ohio law, not federal law. *See* ECF No. 12 at PageID ##: 65–67. For this reason, Plaintiffs' reference to Congress' authority to abrogate state immunity is also unpersuasive. ECF No. 12 at PageID #: 67.

Next, *Ex parte Young* is inapplicable because it only applies when state officials are sued for prospective relief to end a continuing constitutional or federal law violation. *Enbridge Energy, LP v. Whitmer*, 135 F.4th 467, 473 (6th Cir. 2025) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)) (internal citations and quotations omitted). The exception does not extend to retroactive relief. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 508 (6th Cir. 2008) (citing *Quern v. Jordan*, 440 U.S. 332, 338 (1979)). When claims are against the sovereign, rather than an official, sovereign immunity still applies, even if the remaining *Ex parte Young* elements are satisfied. *Enbridge Energy, LP*, 135 F.4th at 473 (citing *Va. Off. for Prot. & Advoc. v. Stewart (VOPA)*, 563 U.S. 247, 256 (2011)).

As pled, the Complaint does not satisfy any element of the *Ex parte Young* exception. Plaintiffs allege claims against OFO, rather than its officers or employees. They seek monetary damages, rather than injunctive relief. ECF No. 1. Even if Plaintiffs named an OFO official, any judgment would require payment from the state treasury, making Ohio the real, substantial party in interest. *See VOPA*, 563 U.S. at 256 (citing *Edelman v. Jordan*, 415 U.S. 651, 666 (1974)) ("*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury . . . or an order for specific performance of a State's contract."). Finally,

6

(4:25CV651)

Plaintiffs allege no constitutional or federal law violations, as Counts I and III allege state-law tortious interference and civil conspiracy claims, respectively.  ECF No. 1; ECF No. 12 at PageID ##: 65–67.  Therefore, Count I and Count III are barred by the Eleventh Amendment and dismissed.

> 2. *Plaintiffs' informal request for leave to amend is denied.*

At the end of their opposition to OFO's motion to dismiss, Plaintiffs include a one-sentence request to amend the Complaint.  ECF No. 12 at PageID ##: 67–68.  While leave to amend is typically freely given (Fed. R. Civ. P. 15(a)(2)), a perfunctory request included "almost as an aside" in an opposition brief does not constitute a motion for leave.  *Harrison Prosthetic Cradle Inc. v. Roe Dental Lab., Inc.*, 608 F. Supp. 3d 541, 549 (N.D. Ohio 2022) (citing *Alexander v. Eagle Mfg. Co.*, 714 F. Appx 504, 511 (6th Cir. 2017)).  District courts may deny such requests when the plaintiff has failed to submit a formal motion accompanied by a supporting memorandum of law, provide the court with a proposed amended complaint, or disclose their intended amendments.  *Kuyat v. Biomimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (citing *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)); *see Doe v. BlueCross BlueShield of Tenn., Inc.*, 926 F.3d 235, 244 (6th Cir. 2019) (denying the request to amend as futile because the plaintiff failed to explain how he intended to correct the complaint's deficiencies.).

Plaintiffs failed to properly move for leave to amend and failed to provide either a proposed amended complaint or a sufficient description of their proposed amendments.  ECF No. 12 at PageID ##: 67–68.  Rather, they merely requested leave to "seek an injunction requiring reinstatement of YRFC on the official film office list and preventing ongoing interference."  ECF No. 12 at PageID ##: 67–68.  As presented, these proposed amendments fail to correct the

(4:25CV651)

Complaint's deficiencies because they do not: (1) identify an OFO official against whom Plaintiffs seek an injunction; or (2) identify any ongoing constitutional or federal law violations.

Therefore, the Court denies Plaintiffs' informal request for leave to amend.

**B. Plaintiffs Failed to State a Claim for Violations of Federal Criminal Statutes.**

Count II asserts a claim for extortion and coercion under two federal criminal statutes: 18 U.S.C. § 873 (blackmail) and 18 U.S.C. § 1951 (interference with commerce by threats or violence). It is irrelevant whether any of the Defendants' conduct violated these statutes because neither provides for a private cause of action. *See Afshari v. Montana Black Gold*, No. 20-5362, 2020 WL 9217980, at *3 (6th Cir. Dec. 17, 2020) (holding that private citizens lack a "judicially cognizable interest" in another's criminal prosecution under §§ 1951 or 873.). Furthermore, and for the reasons articulated above, OFO is entitled to sovereign immunity under the Eleventh Amendment and no exception to immunity applies. *Supra* Section III.A.1. Plaintiffs cannot state a claim for relief in connection with these federal criminal statutes and, therefore, Count II is dismissed.

**IV. CONCLUSION**

For the foregoing reasons, Defendant OFO's Motion to Dismiss (ECF No. 9) is granted and Plaintiffs' informal request to amend the Complaint (ECF No. 12) is denied.

IT IS SO ORDERED.

| February 4, 2026 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |